**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-00352-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CHRISTOPHER CEFARATT,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE TO 24 MONTHS**

---

The United States of America submits this response to Defendant's Motion for Downward Variance.  ECF No. 53.

The defendant has requested a variant sentence of 24 months.  *Id.*  The government objects to the defendant's request for a variance and asks the Court to impose a sentence of 51 months for each count to run concurrently followed by three years of supervised release.  Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing established in 18 U.S.C. § 3553(a).

In the plea agreement, the parties did not agree on the total offense level.  The government believed that the total offense level was 25 and the defendant believed that the total offense level was 23.  However, after further review of the Sentencing Guidelines and the PSR, the government agrees that the total offense level is 23.  Further, the parties agree that the criminal history category is II, resulting in a guideline range of 51-63 months. ECF No. 43.  However, the statutory maximum sentence for the charges the defendant pled guilty to is 60 months.  Therefore, the resulting guideline

range is 51-60 months.  *Id.*  Both the government and Probation Department are recommending a sentence of 51 months.

## ARGUMENTS AGAINST A DOWNWARD VARIANCE

### I.     Overcharged Case

The defendant first argues a variance is warranted because the case was overcharged.  However, the defendant's belief that he was overcharged is irrelevant and not a basis for a variance.  Here, the defendant elected to pled guilty and in doing so, the defendant stipulated to facts involved in the dismissed counts.  Additionally, even though those counts were dismissed, the Court cannot ignore relevant conduct, even if it stems from dismissed charges.  *See* U.S.S.G. § 6B1.2(a) ("However, a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the provisions of §1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted.").  As such, the Court must consider relevant conduct,  Here, the facts surrounding the dismissed counts are just that.

The defendant sold a large number of firearms.  The defendant sold high-powered and dangerous NFA weapons.  The defendant sold firearms with obliterated serial numbers.  Each of these actions constitute relevant conduct regardless of whether or not the charges related to that conduct were dismissed.  And importantly, the defendant did *not* object to Probation's calculations of the offense level, which was based in part on relevant conduct underlying the dismissed charges.  The defendant's attempts to distance himself from this conduct under the guise of alleging he was overcharged is contrary to his own stipulations of facts and the guidelines in the PSR

2

which he did not object to.  The Court should not find this as a basis for a variance.

## II.     Knowledge of a Machine Gun

Second, the defendant argues a variance is justified because he did not know that he was selling machine guns.  Like the argument above, arguing the validity of dismissed counts is irrelevant.  The standard of proof for establishing relevant conduct is different than the standard of proof at trial.  Additionally, unlike the dismissed charge, no knowledge is required for the enhancement under § 2K2.1.  Further, like the above, in the plea agreement, in the guideline calculation for the base offense level, the defendant specifically notes that he believes the offense level should be 18 under § 2K2.1(a)(5) for the offense involving a firearm described in 26 U.S.C. § 5845(a).  Also, in the factual basis, the defendant stipulated that he sold a machine gun to the undercover officer and the confidential informant.  Therefore, it is proper for the Court to consider the fact that the defendant sold a machine gun as it is relevant conduct and conduct that he stipulated to.

## III.    Selling to a Felon

Third, the defendant argues that he did not know he was selling to a felon and there is no evidence is show that he heard the statement from the confidential informant.  However, the defendant misconstrues the standard and analysis for the trafficking firearms enhancement under § 2K2.1(b)(5).  As the Probation Department appropriately described in the PSR, there are discovery materials that show the confidential informant told the defendant he was a felon.  In the government's review of the discovery, there are at least three occasions where the confidential informant states he is a felon or could not purchase firearms for himself.

But this is only step one in the analysis for the enhancement. Next, the defendant must be aware that the confidential informant had a prior conviction for a crime of violence, controlled substance offense, or a misdemeanor crime of domestic violence. Further, there is an additional inquiry into whether there is some indication that the confidential informant told the defendant he was under a criminal justice sentence at the time the firearms were transferred. In discovery, there is no information regarding those two points and as such the enhancement was *not* applied. As such, it is unclear how an unapplied enhancement should serve the basis for a variance.

That being said, as a seller of firearms, the defendant was either turning a blind eye as to whether someone was a felon, which is reckless at best, or the defendant did hear the statements and ignored them and chose to sell the firearms to a felon anyways. While the trafficking firearms enhancement does not apply, the Court can consider the fact that there is evidence the defendant was either recklessly or knowingly selling firearms to a felon based on the information in the PSR and the representations of the Probation Department and the government.

**IV.   Drug Addiction**

Last, the defendant argues that his drug addiction is a basis for a variance because the drugs made him sell the firearms. In making this argument, the defendant is minimizing his actions and choices he made in this case. Of the counts the defendant pled guilty to, the defendant made $18,800 from his sales to the undercover officer and confidential informant. Based on the defendant's representation that he would use 2-3 fentanyl pills a day, $18,800 of fentanyl would last him 8.5 years. To make the argument that but for his addiction he would have not been selling firearms is not realistic. This was

4

a business for the defendant in which he was making significant money. The government does not doubt that the defendant may have substance abuse issues, but the money he made in the firearms sales alone is more consistent with drug distribution if he in fact was using the money he made for drugs. His profit from the firearms sales is for much more than personal drug use. This should be a basis for a variance.

## **ARGUMENT FOR A 51 MONTHS' IMPRISONMENT SENTENCE**

The defendant's conduct is what has led us here and what has caused such a high guideline range. What occurred in this is case is serious and deserves a sentence within the guideline range. The number of firearms, types of firearms, the capacity of those dangerous firearms, and the various firearm components are what make this case appropriate for a 51 months imprisonment sentence.

With the drastic increase in gun violence and black market purchasing of firearms, a case like this greatly impacts our community. The sales in this case alone are significant. The defendant sold and circulating a machine gun, a 100 round drum magazine, two other drum magazines, stolen firearms, an AR style firearm, firearms with obliterated or no serial numbers on the firearms, rifles, shotguns, firearm parts such as barrels, slings, rails, drill presses, lower receivers, and other manufacturing firearm tools. These firearm parts are commonly used to make ghost firearms.[1]

It is because of all these aggravators, despite his minimal criminal history, that the defendant guidelines high. And of course, these aggravators are based on his own actions and his decision to sell dangerous firearms in large quantities.

---

[1] With anticipation of the forthcoming amendments to the United States Sentencing Guidelines, there will likely be an enhancement for ghost guns (firearms with no serial numbers), which the defendant is avoiding in this case.

Acknowledging the defendant's criminal history and balancing it against the actions of the defendant, the government believes a sentence at the bottom of the guidelines range is appropriate.  The Court should not vary from the guideline range but rather sentence him to 51 months imprisonment with three years of supervised release to follow.  Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).  Therefore, the Court should deny the motion for a downward variance and sentence within the guideline range.

Dated:  September 11, 2023                              Respectfully submitted,

                                                 COLE FINEGAN
                                                 United States Attorney


                                               By:  s/ *Dimonique McGruder*
                                               Dimonique McGruder
                                               Special Assistant U.S. Attorney
                                               Kelly R. Churnet
                                               Assistant U.S. Attorney
                                               U.S. Attorney's Office
                                               1801 California Street, Suite 1600
                                               Denver, CO 80202
                                               Telephone: 303-454-0100
                                               Fax:  303-454-0406
                                               E-mail: dimonique.mcgruder@usdoj.gov
                                               kelly.churnet@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on September 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                            By: s/*Lamesia Johnson*
                                                                  Lamesia Johnson
                                                                  Legal Assistant