**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 22-cr-00352-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CHRISTOPHER JOHN CEFARATT,

    Defendant.

_____

# ORDER
_____

Pending before the Court is a pro se Motion for Two Point Reduction and Request for Counsel (or "Motion") filed by Defendant Christopher Cefaratt ("Defendant" or "Mr. Cefaratt"). Mr. Cefaratt seeks a two-level reduction of his adjusted offense level based on the retroactive application of Amendment 821 of the United States Sentencing Guidelines. [Doc. 64, filed May 20, 2024]. The Government has responded [Doc. 67], and this Motion is ripe for review. For the reasons set forth herein, Defendant's Motion is respectfully **DENIED**.

## BACKGROUND

Mr. Cefaratt was charged by Criminal Complaint on November 7, 2022 with four felony counts: (1) dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A); (2) transferring an unregistered machine gun and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and (e); (3) knowing sale of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d); and (4) knowing

possession of a machine gun in violation of 18 U.S.C. § 922(o).  [Doc. 1].  He was then indicted on December 6, 2022 on eight counts:  Counts 1, 4, 5, 7, and 8 for dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A); Count 2 for knowing possession or transfer of a machine gun in violation of 18 U.S.C. § 922(o); and Counts 3 and 6 for knowing sale of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d).  [Doc. 15].  Defendant was arraigned on December 14, 2022 and entered a plea of not guilty to each of the counts.  [Doc.  23].

On May 9, 2023, Defendant filed with the Court a Notice of Disposition.  [Doc. 38]. Mr. Cefaratt appeared before the Court for a Change of Plea proceeding on June 23, 2023, and withdrew his plea of not guilty, tendered a plea of guilty, and was adjudged guilty of Counts 1, 4, 5, 7, and 8 of the Indictment, charging violations of 18 U.S.C. § 922(a)(1)(A), dealing firearms without a license.  [Doc. 42].  In anticipation of his Sentencing Hearing, the United States Probation Office conducted and issued a Presentence Investigation Report pursuant to Rule 32 of the Federal Rules of Criminal Procedure.  [Doc. 45].  His prior criminal convictions resulted in a subtotal criminal history score of two points, and in turn, his criminal history was scored at II.  [*Id.* at ¶¶ 52–53]. As a result, with an adjusted offense level of 23, the advisory guideline range for incarceration was 51 to 60 months.[1]  [*Id.* at ¶ 95].  At sentencing on September 18, 2023, Mr. Cefaratt did not object to those calculations, *see* [Doc. 50], his criminal history points and category were reflected in the Revised Presentence Report, [Doc. 55], and after

---

[1] The advisory guideline range was 51 to 63 months, but the statutory maximum for the offense of conviction is 60 months.  [Doc. 43 at 6].

review, they were adopted by the Court, [Sentencing Tr. 6:21–7:8].[2] The Court ultimately varied downward from the advisory guideline range, and sentenced Mr. Cefaratt to 42-months incarceration on each of Counts 1, 4, 5, 7, and 8 to be served concurrently, followed by a term of three years of supervised release. [Doc. 58 at 2].

Mr. Cefaratt now moves pro se[3] for a "two-point reduction" based on a retroactive application of Amendment 821 of the United States Sentencing Guidelines, which the Court (and the Government) construes as a request that two levels be reduced from his adjusted offense level and that he be re-sentenced. [Doc. 64]. The Government opposes Mr. Cefaratt's Motion, arguing that he is not eligible for such a reduction. [Doc. 67].

## ANALYSIS

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). However, a court may reduce a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[2] The Court cites to a preliminary nonpublic version of the hearing transcript for Sentencing ("Sentencing Tr.") hearing. Accordingly, there may be some variations with respect to page numbers, line numbers, or specific language should an official transcript be ordered and prepared for the Sentencing hearing.

[3] Mr. Cefaratt also requests attorney representation. [Doc. 64 at 1]. The United States Court of Appeals for the Tenth Circuit has determined that there is no constitutional right to appointment of counsel for any proceeding beyond a direct appeal of a criminal conviction. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). While the Court may appoint counsel to assist with a motion seeking relief pursuant to Amendment 821, based on the Court's analysis below, it also denies his request for appointment of counsel. *Cf. United States v. Rudden*, No. 18-cr-00508-PAB, 2025 WL 1114640, at *3 (D. Colo. Apr. 15, 2025) (denying defendant's request for appointment of counsel for the purposes of seeking a reduction in sentence when the court determined defendant was not eligible for such a reduction).

Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines.  *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sent'g Comm'n 2023).  Those amendments included reducing recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders").  *See United States v. Salomon-Sillas*, No. 20-cr-00014-PAB-2, 2025 WL 71663, at *1 (D. Colo. Jan. 10, 2025).

Here, Mr. Cefaratt moves for re-sentencing because he contends he is "in the zero to 2 points category of prisoners who benefit from relief provided by this amendment." [Doc. 64 at 1].  Respectfully, Defendant misapprehends the applicability of U.S.S.G. § 4C1.1 to his particular circumstances.  Amendment 821 created a new guideline, § 4C1.1, that provides an adjustment for certain zero-point offenders if such offenders meet all of the requirements.  *See* U.S.S.G. § 4C1.1.  But the first requirement to be eligible for such an adjustment is "the defendant did not receive any criminal history points from Chapter Four, Part A."  U.S.S.G. § 4C1.1(a)(1) (emphasis added).  Mr. Cefaratt was properly assessed, and did not object to, two criminal history points for two prior convictions.  [Doc. 55; Doc. 50; Sentencing Tr. 6:21–7:8].  As a result, he is not eligible to receive any relief under U.S.S.G. § 4C1.1.[4]  His Motion is therefore respectfully **DENIED**.

---

[4] Because the Court determines that Defendant is not an eligible "zero-point" offender, it need and does not reach the Government's second argument.  *See* [Doc. 67 at 3].

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)  Defendant's Motion for Two Point Reduction and Request for Counsel [Doc. 64] is **DENIED**; and

(2)  A copy of this Order shall be sent to:

Christopher John Cefaratt
#31061-510
Yankton
Federal Prison Camp
Inmate Mail/Parcels
P.O. Box 700
Yankton, SD 57078

DATED: May 13, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge